UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.M. REALITY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICOLE WASHINGTON, )<br>)<br>Defendant. ) | No. 4:19-CV-3209 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to proceed in forma pauperis and her removal of this action from St. Louis County Court. Upon review of plaintiff's financial information, defendant's motion to proceed in forma pauperis will be granted. Furthermore, upon review of the state court documents, as well as the complaint filed in St. Louis County Court, it is apparent that this Court lacks subject matter jurisdiction over this case. As a result, the Court will Order defendant to show cause why this action should not be remanded back to the Court from which it was removed.

### Background

Plaintiff, G.M. Realty, Inc., filed this action in the Circuit Court of St. Louis County against defendant, Nicole Washington, on September 25, 2019, seeking payment for unpaid rent on a property at 1139 Prigge Ave., St. Louis, Missouri, 63138. *See G.M Realty, Inc. v. Washington,* No. 19SL-AC28218 (21st Judicial Circuit, St. Louis County Court). A consent judgment was entered into by the parties on November 4, 2019. Plaintiff filed a writ of execution of garnishment against defendant on November 25, 2019, in an amount of $2,869.00. On

1

December 5, 2019, plaintiff removed the state court action to this Court. On December 9, 2019, plaintiff filed a supplemental pleading entitled "Motion for Stay of Eviction"

## Legal Standard

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation,* 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.,* 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007).

## Discussion

A court has a "special obligation" to consider whether it has subject matter jurisdiction in every case. *Hart v. United States,* 630 F.3d 1085, 1089 (8th Cir.2011). This includes the responsibility to "consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." *Id.* (citation omitted).

At the outset, the Court notes that defendant has failed to state the jurisdictional grounds for removing this action to federal court. Defendant has not set forth any laws or constitutionally-protected rights that plaintiff is seeking relief under in the complaint. *See* 28

U.S.C. § 1331. Additionally, there is no indication that diversity jurisdiction exists between the two parties under 28 U.S.C. § 1332.[1]

For this reason, the Court will require defendant to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this matter should not be remanded back to St. Louis County Circuit Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant shall show cause within twenty-one (21) days of the date of this Memorandum and Order why this matter should not be remanded to the St. Louis County Circuit Court for lack of jurisdiction.

**IT IS FURTHER ORDERED** that defendant's failure to respond to this Order in a timely manner will result in a dismissal of this action, without prejudice.

Dated this 19th day of December, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] For a district court to have diversity jurisdiction under § 1332, there must be complete diversity between the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).