UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.M. REALTY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-3209 RLW |
| | ) |
| NICOLE WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court ordered defendant Nicole Washington to show cause on December 19, 2019, as to why this action should not be remanded back to the state court from which it was removed. Defendant has failed to respond to the show cause order, and her time for doing so has passed. Because the state court case is closed, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

### Background

Plaintiff, G.M. Realty, Inc., filed this action in the Circuit Court of St. Louis County against defendant, Nicole Washington, on September 25, 2019, seeking payment for unpaid rent on a property at 1139 Prigge Ave., St. Louis, Missouri, 63138. *See G.M Realty, Inc. v. Washington,* No. 19SL-AC28218 (21st Judicial Circuit, St. Louis County Court). A consent judgment was entered into by the parties on November 4, 2019. Plaintiff filed a writ of execution of garnishment against defendant on November 25, 2019, in an amount of $2,869.00. On December 5, 2019, defendant removed the state court action to this Court.

## Legal Standard

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

However, an entry of final judgment precludes removal to federal court. *See Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run"); *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006) (holding district court erred in denying motion to remand because final judgment had been entered in state court and issuance of a new subpoena was not a second action that was removable); *Mestice v. McShea*, 201 F.2d 363 (3d Cir. 1953) (holding that removal to federal court after the entry of final judgment in a state court action was improper); *see also Thorp Finance Corp. v. Lehrer*, 587 F. Supp. 533, 534 (E.D. Wis. 1984) ("[A] case may not be removed from a state court to a federal court after the state court enters a final judgment that terminates the litigation"); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice and Procedure Jurisdiction*, § 3721 (4th ed.) ("removal cannot breathe life into an expired claim" . . . a defendant "may not remove a case from a state court to a federal court after the state court has entered a final judgment that terminates the litigation."). As the Court of Appeals for the Second Circuit observed in *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770,

774 (2d Cir. 1988), "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."

**Discussion**

A court has a "special obligation" to consider whether it has subject matter jurisdiction in every case. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir.2011). This includes the responsibility to "consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." *Id.* (citation omitted).

The Court noted in the Memorandum and Order entered on December 19, 2019, that defendant had failed to state the jurisdictional grounds for removing this action to federal court. Thus, defendant was ordered to set forth the laws or constitutionally-protected rights that entitled her to seek relief in the present Court. *See* 28 U.S.C. § 1331. As the Court noted at that time, there was no federal question apparent in the state court suit on account. Additionally, there is no indication that diversity jurisdiction exists between the two parties under 28 U.S.C. § 1332.[1]

Defendant has failed to respond to Order to Show Cause. Additionally, because her case in state court has already finalized and ended in a state court judgment prior to removal of this action, it is apparent that defendant's removal of this case was improper in the first instance. Because defendant should not have removed her state court matter to this Court, this Court lacks subject matter jurisdiction and must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

---

[1]For a district court to have diversity jurisdiction under § 1332, there must be complete diversity between the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of December, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE